1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. PROCK, | Case No.  1:13-cv-01572-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(ECF No. 1)** |
| WARDEN, KERN VALLEY STATE PRISON, et al., | |
| Defendants. | **AMENDED PLEADING DUE IN THIRTY DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint filed on September 30, 2013, is before the Court for screening. For the reasons set forth below, the Court finds the complaint does not state a cognizable claim and ORDERS it DISMISSED with leave to amend.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

1

any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff complains that when he left Kern Valley State Prison (KVSP) for the Santa Barbara Jail for trial in state court, property he left behind was disposed of without proper notice or process.

1    Plaintiff names as Defendants (1) the California Department of Corrections and
2  Rehabilitation (CDCR), (2) the KVSP Warden, (3) D. Davey, KVSP Chief Deputy
3  Warden, (4) C. Pfeiffer, KVSP Chief Deputy Warden, (5) J. Garza, KVSP Associate
4  Warden, (6) W. Hammer, KVSP Correctional Lieutenant, (7) R. Barrett, KVSP
5  Correctional Sergeant, (8) Does 1-10, KVSP agents and/or employees.

6    Plaintiff claims that:

7    On February 23, 2007, he went into "out to court" (OTC) status for trial and was
8  transferred to Santa Barbara Jail. He left unspecified property behind at KVSP. He was
9  discharged from CDCR custody on June 23, 2007, while still in OTC status.

10    Defendants did not notify him of that discharge or that he had to request that his
11  property be forwarded to him.

12    On February 3, 2012, Plaintiff was re-committed to CDCR custody and
13  incarcerated at the Substance Abuse and Treatment Facility in Corcoran California
14  (SATF), where he remains. He filed a grievance relating to the property deprivation. The
15  grievance was denied.

16    Plaintiff claims Defendants actions violated his due process rights to his property
17  and violated California Penal Code § 5063 and California Code of Regulations Title 15
18  §§ 3075.3(a), 3193(b) requirement that Defendants provide him notice of custody
19  discharge and a right to claim his property.

20    Plaintiff seeks monetary damages, a declaration his rights have been violated,
21  and an injunction providing unspecified relief.

22  **IV.    THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

23      **A.    The CDCR is not Amenable to Suit**

24    Plaintiff names the CDCR as a Defendant. However, the Eleventh Amendment
25  prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't
26  of Transp., 96 F.3d 420, 421 (9th Cir. 1996). The CDCR is a state agency and is entitled
27  to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144,
28  1147 (9th Cir. 2007). Thus, Plaintiff's claim against the CDCR is not cognizable under §

1983. This means Plaintiff may not name the CDCR as a Defendant in any amended
pleading.

**B.    Defendants must be Identified by Name or Named as "Doe"**

Plaintiff names the "Warden of KVSP" as a Defendant, but does not name the
individual he desires to sue. Plaintiff may not proceed against this Defendant unless
Plaintiff either identifies this individual by name, or as a "Doe" defendant (pending
discovery of the individual's name). Fed. R. Civ. P. 10(a).

Plaintiff either must sue each defendant by that person's actual name or, if
defendants' names are unknown, by listing them as "Doe" defendants pending
discovery of actual names.

**C.    Individually Named Defendants Not Linked to Violation**

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named
Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297
F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term
"supervisory liability," loosely and commonly used by both courts and litigants alike, is a
misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the
unconstitutional conduct of their subordinates under a theory of respondeat superior."
Id. at 676. Rather, each government official, regardless of his or her title, is only liable
for his or her own misconduct, and therefore, a plaintiff must demonstrate that each
defendant, through his or her own individual actions, violated plaintiff's constitutional
rights. Id. at 676–77.

Plaintiff does not connect or "link" the individually named Defendants to the
alleged rights violations. Plaintiff does not explain how these individuals personally
acted or failed to act so as to wrongfully deprive him of his property. Plaintiff must
provide factual detail demonstrating who did or did not do what, when, and why and
how his rights were violated. Mere conclusions and speculation are not sufficient to
state a federal claim.

**D.    No Due Process Property Claim Stated**

4

1    Plaintiff claims Defendants deprived him of unspecified property. The Due

2  Process Clause protects prisoners from being deprived of property without due process

3  of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected

4  interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

5  However, while an authorized, intentional deprivation of property is actionable under the

6  Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984), citing

7  Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982); Quick v. Jones, 754

8  F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional

9  deprivations of property by a governmental employee "constitute a violation of the

10  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a

11  meaningful post deprivation remedy for the loss is available."[1] Hudson, 468 U.S. at 533;

12  see also Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991). Plaintiff should

13  note that for unauthorized deprivations of property, he does have an adequate post-

14  deprivation remedy under California law and therefore, any attempt to pursue a claim

15  under federal law for unauthorized taking of his property fails as a matter of law. Barnett

16  v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994), citing Cal. Gov't Code §§ 810–895.

17    Plaintiff claims he was deprived of his property during his OTC to the Santa

18  Barbara Jail. However, he does not provide any information as to what happened to his

19  property, i.e., if the property was disposed of, how, who disposed of it, when, and

20  whether disposition was intentional, pursuant to prison regulations, or unintentional.

21  Authorized deprivations of property are permissible if carried out pursuant to regulation

22  that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S.

23  78, 89 (1987).

24    In short, Plaintiff must allege facts showing an intentional and authorized

25  deprivation of his property not serving a valid prison purpose.

26  _____

27  [1] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or
statutes. Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also
28  Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

1        **E.      No Due Process Grievance Claim Stated**

2        Plaintiff claims Defendants improperly processed and decided his 602 grievance

3  of the property deprivation. However, in <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.

4  1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a

5  grievance procedure. 855 F.2d at 640. This was reiterated in <u>Ramirez v. Galarza</u>, 334

6  F.3d 850, 860 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have

7  a separate constitutional entitlement to a grievance procedure.

8        The appeal procedure does not create any due process rights nor does it entitle

9  Plaintiff to any particular action by prison staff. <u>Ramirez, 334 F.3d at 860</u> (no liberty

10  interest in processing of appeals because no entitlement to a specific grievance

11  procedure). Plaintiff's mere disagreement with actions of Defendants in reviewing his

12  grievances is not actionable under § 1983. <u>Id.</u>

13        Plaintiff may not assert a due process claim arising from processing and denial of

14  his grievance.

15        **F.      No Claim for Violation of Title 15**

16        Plaintiff claims Defendants failed to follow custody discharge and property

17  disposition requirements set out in prison regulations, California Code of Regulations §§

18  3075.3[2] and 3193(b).[3]

19

20  [2] Cal. Code Regs. tit. 15 § 3075.3 provides "(a) CDCR Form 163 (Rev. 10/06), Certificate of Discharge, which is incorporated by reference, shall be issued to each person who has completed their commitment to the department. (b) Such certificate shall be issued to the inmate before release and mailed to parolees

21  after their discharge date. (c) Parolees on non-revocable parole, as provided in section 3505, must submit a written request to the department upon or after their discharge date to receive a CDCR Form 163 (Rev. 10/06), Certificate of Discharge. (d) Inmates who are discharged due to release to Post-release

22  Community Supervision shall not be issued discharge certificates."

23  [3] Cal. Code Regs. tit. 15 § 3193 provides"(a) In permitting inmates to possess items of personal property while they are incarcerated, the department does not accept liability for the theft, loss, damage or

24  destruction of such property resulting from the intentional or careless act or activities of any inmate. The department does not accept liability for the loss or destruction of personal property in the inmate's

25  possession or control at the time of any willful act by the inmate, such as escape, which exposes such property to loss or theft before it can be recovered and controlled by staff. (b) The department shall

26  accept liability for the loss or destruction of inmate personal property when it is established that such loss or destruction results from employee action. Inmates shall utilize the inmate appeal process if unable to

27  resolve a personal property claim pursuant to section 3084.1. Upon acceptance of liability, the department shall provide to the inmate similar items of equal or greater value when such items are

28  available via donated property items consistent with sections 3084.9 and 3191(c). If donated items are

1     The existence of Title 15 regulations governing the conduct of prison officials

2   does not necessarily entitle an inmate to sue civilly for their violation. The Court has

3   found no authority to support a finding of an implied private right of action under Title 15,

4   and Plaintiff has provided none. Several district court decisions hold that there is no

5   such right. See e.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28,

6   2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

7     Plaintiff cites to various Title 15 violations. However, no § 1983 claim arises for

8   such violations even if they occurred. See Chappell v. Perez, 2011 WL 2296816, *2

9   (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. February 28,

10   2011).

11     This means that Plaintiff may not include a due process claim for violation of

12   prison regulations set out in Title 15 in any amended pleading.

13     **G.     No Injunctive Relief Claim Stated**

14     Plaintiff seeks injunctive relief. However, he does not explain what is it he wants

15   the Court to do and why he needs immediate, extraordinary relief.

16     Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

17   never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22

18   (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of

19   success on the merits and the possibility of irreparable injury, or (2) the existence of

20   serious questions going to the merits and the balance of hardships tipping in [the

21   moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.,

22   762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula

23   _____

24   not available, monetary compensation to the inmate for such loss shall not exceed either the dollar value
   assigned to the item or items at the time the inmate received authorization to possess the property; the

25   cost of the item, verified by receipt; or the replacement value for the item or a similar item, as determined
   by the department. Staff recommendations to the Victim Compensation and Government Claims Board

26   regarding monetary reimbursement will be made accordingly. (c) The department shall not assume
   responsibility for property abandoned by an escapee until such time as the escape is discovered and the

27   property is inventoried. Inventoried property shall be stored and final disposition of the property shall be
   pursuant to Penal Code 5062 and 5063."

28

1   International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also City of Los Angeles v.

2   Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of

3   injury).

4       Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of

5   the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief

6   [sought] is narrowly drawn, extends no further than necessary to correct the violation of

7   the federal right, and is the least intrusive means necessary to correct the violation of

8   the federal right."

9       Plaintiff does not state any cognizable federal claim, threat of injury, or hardship

10  he would suffer absent injunctive relief. Nor does he even indicate what it is he wants

11  the Court to do for him. He is no longer incarcerated at KVSP and any claim for

12  injunctive relief against the Defendants, all KVSP personnel, is moot (unnecessary).

13  Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519

14  (9th Cir. 1991). Likewise, if his property has been destroyed or is no longer in the

15  control of Defendants the Court can not order its return.

16      It does not appear Plaintiff needs and is entitled to injunctive relief. To plead such

17  a claim in any amended pleading, Plaintiff must state a valid federal claim, what specific

18  injunctive relief he wants the Court to order and why he immediately needs this relief to

19  avoid hardship.

20  **H.    No Declaratory Relief Claim Stated**

21      Plaintiff seeks a declaration his rights have been violated. However, Plaintiff is

22  not entitled to and does not need such relief. "[A] declaratory judgment, like other forms

23  of equitable relief, should be granted only as a matter of judicial discretion, exercised in

24  the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431

25  (1948). "Declaratory relief should be denied when it will neither serve a useful purpose

26  in clarifying and settling the legal relations in issue nor terminate the proceedings and

27  afford relief from the uncertainty and controversy faced by the parties." United States v.

28  Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

1  Plaintiff has not stated any federal claim. He is not entitled to a declaration his

2  rights were violated. Furthermore, any judgment that may be entered in Plaintiff's favor

3  will constitute a declaration his rights were violated.

4  This means that Plaintiff should not include in any amended pleading a request

5  for a declaration his federal rights were violated.

6  **I.**    **No Jurisdiction over State Law Claims**

7  Plaintiff alleges Defendants violated California Penal Code § 5063, which

8  provides for disposition of unclaimed property of inmates.[4]

9  The Court need not address the viability of this state law claim because the Court

10  will not exercise supplemental jurisdiction over any state law claim absent a cognizable

11  federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254

12  F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40

13  F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim

14  leaving only state claims for resolution, the court should decline jurisdiction over the

15  state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot

16  Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

17  This means that Plaintiff may not include a state claim in any amended pleading

18  that does not state a federal claim.

19  **V.**    **CONCLUSION AND ORDER**

20  Plaintiff's complaint does not state a claim for relief under § 1983. The Court will

21  grant an opportunity to file an amended complaint provided it is consistent with this

22  order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d

23  

24  [4] Cal. Pen. Code § 5063 provides "Before any money or other personal property or documents are
delivered to the State Treasurer, State Controller, or public administrator, or sold at auction or upon a

25  sealed-bid basis, or destroyed, under the provisions of Section 5061, and before any personal property or
documents are delivered to the public administrator, or sold at auction or upon a sealed-bid basis, or

26  destroyed, under the provisions of Section 5062, of this code, notice of said intended disposition shall be
posted at least 30 days prior to the disposition, in a public place at the institution where the disposition is

27  to be made, and a copy of such notice shall be mailed to the last known address of the owner or
deceased owner, at least 30 days prior to such disposition. The notice prescribed by this section need not

28  specifically describe each item of property to be disposed of."

9

1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed September 30, 2013;

2.   Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim upon which relief may be granted;

3.   Plaintiff shall file an amended complaint within thirty (30) days from

10

1    service of this order; and

2    4.    If Plaintiff fails to file an amended complaint in compliance with this order,

3          it is recommended that this action be dismissed, with prejudice, for failure

4          to state a claim and failure to prosecute, subject to the "three strikes"

5          provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d

6          1090 (9th Cir. 2011).

7

8

9

10

11

12

13

14

15   IT IS SO ORDERED.

16   Dated:   October 7, 2013          /s/ *Michael J. Seng*

17                                     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28