# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. PROCK,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN, KERN VALLEY STATE PRISON, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01572-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE FOR FAILURE TO OBEY COURT ORDERS**<br><br>**(ECF No. 8)**<br><br>**FOURTEEN-DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. His complaint was dismissed for failure to state a claim, but Plaintiff was given leave to file an amended pleading provided he do so by not later than November 12, 2013. The November 12, 2013 deadline passed without Plaintiff either filing an amended pleading or seeking a further extension of time to do so. The Court ordered Plaintiff, by not later than December 13, 2013, to show cause why the action should not be dismissed or file an amended complaint. The December 13th deadline passed without Plaintiff responding further.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and

1

all sanctions . . . within the inherent power of the Court." In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

"The public's interest in expeditious resolution of litigation always favors dismissal." Id., quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff has failed to state a cognizable claim. His failure to comply with Court orders and file a first amended complaint may reflect Plaintiff's lack of interest in prosecuting his case. In such an instance, the Court cannot continue to expend its scarce resources. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id., citing Yourish 191 F.3d at 991. However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply with Court orders and file a first amended complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Pagtalunan, 291 F.3d at 643.

On balancing these factors, the Court concludes they weigh in favor of dismissal

1 and HEREBY RECOMMENDS that this action be dismissed with prejudice based on
2 Plaintiff's failure to obey the Court's orders (ECF Nos. 5 & 8).

3       These findings and recommendation are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
5 fourteen (14) days after being served with these findings and recommendation, any party
6 may file written objections with the Court and serve a copy on all parties. Such a document
7 should be captioned "Objections to Magistrate Judge's Findings and Recommendation."
8 Any reply to the objections shall be served and filed within fourteen (14) days after service
9 of the objections.

10       Failure to file objections within the specified time may waive the right to appeal the
11 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15 IT IS SO ORDERED.

16     Dated:   December 18, 2013          /s/ *Michael J. Seng*
17                                                        UNITED STATES MAGISTRATE JUDGE